United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40834
c/w No. 05-41392
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ALEJANDRO MARTINEZ-VASQUEZ,

                                    Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:02-CR-285-1
USDC No. 1:05-CR-271-ALL
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Alejandro Martinez-Vasquez appeals his convictions and

sentences for unlawfully attempting to enter the United States

after deportation following an aggravated felony conviction in

2002 and unlawful presence in the United States after deportation

following an aggravated felony conviction in 2005, both in

violation of 8 U.S.C. § 1326(a) and (b).  Martinez-Vasquez

challenges the constitutionality of § 1326(b)'s treatment of

prior felony and aggravated felony convictions as sentencing

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Government argues that the waiver provision in Martinez-Vasquez's plea agreement in relation to his unlawful presence conviction precludes his attack on the constitutionality of § 1326(b) in the appeal of his conviction and sentence in that matter and that, as a result of the waiver, Martinez-Vasquez lacks standing to challenge the constitutionality of § 1326(b) in his appeal of his unlawful presence conviction. We assume, arguendo only, that the waiver does not bar Martinez-Vasquez's appeal in relation to his unlawful presence conviction.

Martinez-Vasquez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Martinez-Vasquez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Martinez-Vasquez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. For these reasons, Martinez-Vasquez's convictions and sentences are AFFIRMED.